## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BERNADETTE TOMAS,<br>            Appellant, | DOCKET NUMBER<br>DE-831M-24-0104-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>            Agency. | DATE:  February 19, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bernadette Tomas, Pagosa Springs, Colorado, pro se.

Eva Ukkola, Kevin D. Alexander Sr., and Alison Pastor, Washington, D.C.,
    for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which reversed a reconsideration decision of the Office of Personnel Management (OPM) finding that the appellant had received an overpayment in annuity benefits

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

under the Civil Service Retirement System (CSRS) on the basis that OPM had failed to meet its burden of proving the existence of the overpayment. For the reasons discussed below, we GRANT the appellant's petition for review and MODIFY the initial decision to find that OPM failed to prove the existence of the entirety of the $66,438 overpayment debt. The initial decision remains otherwise AFFIRMED.

## BACKGROUND

The following facts have been derived from the notices the appellant provided in response to the administrative judge's acknowledgment order. The appellant was married to a former Federal employee who retired from Federal service effective November 2, 1997, and who elected to receive a reduced annuity to provide the appellant with a maximum survivor annuity benefit equal to 55% of his basic annuity. Initial Appeal File (IAF), Tab 6 at 15, 40, 177. They divorced, and, by letter dated June 25, 2004, OPM informed the appellant that it would honor a Domestic Relations Order providing her with a survivor annuity award computed based on 55% of her former spouse's annuity payment as of the date of his retirement. *Id.* at 37. The appellant began receiving former spouse annuity benefits effective September 1, 2002. *Id.* at 21. Then, when the appellant's former spouse passed away on September 7, 2020, the appellant began to receive survivor annuity payments. *Id.* at 55, 95.

Sometime thereafter, the appellant challenged the amount and the calculation of her survivor annuity award with OPM. *Id.* at 73. In a September 20, 2021 reconsideration decision, OPM denied the appellant's request for recomputation of her survivor annuity award. *Id.* at 77-79. Then, by letter dated July 21, 2022, OPM rescinded its June 25, 2004 decision awarding the appellant a survivor annuity award equal to 55% of her former spouse's annuity payment, and instead determined that the appellant was only entitled to a survivor annuity award computed at 50% of the maximum survivor annuity benefit. *Id.*

at 94-97. Subsequently, on February 27, 2023, OPM advised the appellant that because her former spouse's annuity had not been reduced for the maximum survivor annuity benefit, an overpayment of $6,275.81 had resulted, and OPM intended to seek repayment of the debt in 16 monthly installments. *Id.* at 121-23. The appellant sought reconsideration of that decision, *id.* at 127-34, and on June 21, 2023, OPM concluded that it would terminate collection of the $6,275.81 debt. *Id.* at 145.

Then, in a letter dated August 3, 2023, OPM explained its calculation of the overpayment debt for the first time, stating that the appellant's former spouse's annuity had not been reduced for survivor benefits, resulting in an overpayment of $66,438. *Id.* at 154. The letter further noted that the appellant had not received the full amount of her survivor annuity award for the period from September 8, 2020 through January 31, 2023, resulting in an underpayment of $60,162.19 in accrued survivor annuity benefits. *Id.* OPM stated that it was applying the accrued survivor annuity amount to the overpayment, resulting in a remaining debt of $6,275.81. *Id.* Nevertheless, OPM informed the appellant that it had "reconsidered and is closing out the remaining claim for $6,275.81 based on [the appellant's] request." *Id.*

On November 2, 2023, OPM informed the appellant that it was affirming its initial decision finding that she had been overpaid $6,275.81 in annuity benefits. *Id.* at 177-80. OPM did not identify the date of the initial decision that it was affirming in that letter. However, the letter identified the $66,438 overpayment amount and the $60,162.19 in "accrued survivor annuity benefits due," and stated that it had "applied the accrued due to the overpayment leaving a balance of $6,275.81," but that it was "waiving the uncollected portion of the $6,275.81 which was not collected for the survivor annuity." *Id.* at 177-78. The letter also provided the appellant with notice of her right to appeal OPM's final decision to the Board. *Id.* at 179.

The appellant timely filed the instant Board appeal challenging OPM's November 2, 2023 reconsideration decision. IAF, Tab 1 at 4. She acknowledged that OPM had waived $6,275.81 of the overpayment amount but requested that the Board order OPM to waive the remaining overpayment amount and reimburse the entire $60,162.19 in accrued survivor annuity benefits for the period that she received the reduced survivor annuity award. *Id.* at 9.

After OPM failed to file an agency file, and failed to respond to two show cause orders instructing it to respond to the appeal, IAF, Tabs 5, 7, the administrative judge issued an initial decision reversing OPM's November 2, 2023 reconsideration decision, IAF, Tab 8, Initial Decision (ID) at 1, 5. The administrative judge identified the issue the appellant was challenging in her appeal as OPM's November 2, 2023 reconsideration decision affirming its initial decision dated February 27, 2023, assessing an overpayment debt of $6,275.81. ID at 1-2. The administrative judge determined that because OPM had not complied with his orders instructing it to provide evidence concerning the existence of the overpayment, OPM had failed to meet its burden of proving that the overpayment existed. ID at 4. Consequently, the administrative judge reversed OPM's reconsideration decision and canceled the overpayment debt. ID at 4-5.

The appellant has filed a petition for review of the initial decision, arguing that the administrative judge erred by determining that the matter being challenged was the $6,275.81 overpayment debt, and not the entirety of $66,438 overpayment debt identified by OPM, $60,162.19 of which was remaining. Petition for Review (PFR) File, Tab 1 at 4-5, Tab 4 at 4. Specifically, the appellant requests that the Board modify the initial decision to cancel the remaining $60,162.19 overpayment amount and to order OPM to reimburse her the $60,162.19 in accrued survivor annuity benefits that was used to satisfy a portion of the overpayment debt. PFR File, Tab 1 at 5-6, Tab 5 at 6. OPM responded to the appellant's petition for review, agreeing with the appellant that

the initial decision failed to address the full extent of the overpayment amount on which the appeal was based and acknowledging that the $6,275.81 overpayment figure that the initial decision reversed had already been waived. PFR File, Tab 4 at 4-5. However, OPM requests that the Board vacate the initial decision reversing OPM's reconsideration decision and remand the appeal to the regional office to address the appellant's request to waive the remaining $60,162.19 overpayment debt. PFR File, Tab 4 at 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

OPM bears the burden of proving by a preponderance of the evidence that an overpayment has occurred. 5 C.F.R. § 831.1407(a). If the agency is able to show by a preponderance of the evidence that an overpayment has occurred, the burden shifts to the appellant to establish by substantial evidence her entitlement to a waiver or adjustment of the overpayment. 5 C.F.R. § 831.1407(a). Nevertheless, the burden of proof does not shift to the appellant until OPM has proven the existence and amount of an overpayment by a preponderance of the evidence. *Id.* If OPM does not present evidence that establishes all elements necessary to prove that an overpayment has occurred, "it is not the responsibility of the administrative judge to continue to prod OPM into disgorging sufficient evidence." *Sansom v. Office of Personnel Management*, 62 M.S.P.R. 560, 564 (1994); *see Owens v. Office of Personnel Management*, 45 M.S.P.R. 86, 90 (1990) (finding that OPM had not presented evidence sufficient to prove that the appellant was eligible for Old Age and Survivor Insurance benefits and, given conflicting evidence in the record, the reconsideration decision finding the existence of an overpayment could not be affirmed).

In the instant case, OPM did not submit a single filing before the administrative judge. In fact, not only did OPM fail to produce an agency file, but it also failed to respond to any of the administrative judge's repeated orders to present evidence and argument establishing the existence of an overpayment.

Because OPM presented no evidence, we discern no basis to disturb the administrative judge's finding that OPM failed to prove the existence of the overpayment. ID at 4. However, to the extent that the administrative judge indicated that the overpayment debt is $6,275.81, ID at 1-2, the amount of overpayment claimed by OPM is $66,438, IAF, Tab 6 at 154, 177. Accordingly, we modify the initial decision only to clarify that OPM did not prove the existence of an overpayment debt of $66,438. To the extent that the appellant seeks to recover the $60,162.19 in accrued survivor annuity benefits that was used to satisfy a portion of the overpayment debt, PFR File, Tab 1 at 5-6, Tab 5 at 6, the appellant can file a separate Board appeal once she receives a final decision from OPM denying her the accrued survivor annuity benefits, *Ramirez v. Office of Personnel Management*, 114 M.S.P.R. 511, ¶ 7 (2010) (stating that the Board generally lacks jurisdiction to hear an appeal of a retirement matter before OPM has issued a final or reconsideration decision on the matter).

## ORDER

We ORDER OPM to reverse its November 2, 2023 reconsideration decision finding an overpayment debt of $66,438. OPM must complete this action no later than 20 days after the date of this decision.

We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the

Board's Order, and should include the dates and results of any communications with OPM.  *See* 5 C.F.R. § 1201.182(a).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            _____
                          Gina K. Grippando
                          Clerk of the Board
Washington, D.C.